UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINNIELL PHIPPS,<br><br>        Petitioner,<br><br>  v.<br><br>KENNETH QUINN,<br><br>        Respondent. | CASE NO.  C06-323-JCC-MJB<br><br>REPORT AND RECOMMENDATION |

## I.  INTRODUCTION AND SUMMARY OF CONCLUSION

Petitioner Linniell Phipps is proceeding *pro se* in this 28 U.S.C. § 2254 habeas corpus challenge to his 1998 conviction and sentence in King County Superior Court of one count of murder in the first degree and three counts of attempted first degree murder.  Respondent filed an answer requesting that the court dismiss petitioner's habeas petition with prejudice on grounds that it is barred by the statute of limitations as set out in 28 U.S.C. § 2244(d).   Petitioner also filed a motion for stay and abeyance (Dkt. #5), requesting that his petition be stayed to allow him time to properly exhaust his unexhausted claims in state court.  Having reviewed the record in its entirety, I recommend that Petitioner's § 2254 habeas petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

//

## II. PROCEDURAL HISTORY

Petitioner is a state prisoner currently incarcerated at the Monroe Correctional Complex in Monroe, Washington. On January 22, 1998, Petitioner, who waived a jury and was tried in King County Superior Court before the Honorable Brian D. Gain, was found guilty on one count of murder in the first degree and three counts of attempted first degree murder. Dkt. # 14, Ex. 1; Ex. 3 at 3. In March, 1998, he was sentenced to 1508 months of confinement. Dkt. #14, Ex. 1 at 3.

A.   Direct Appeal

In October, 1998, Petitioner appealed his conviction to the Washington Court of Appeals, Division I ("Court of Appeals"). Dkt. #14, Ex.2. On January 26, 2000, the Court Commissioner issued a ruling affirming the judgment. *Id.*, Ex. 3. Petitioner filed a motion to modify the Commissioner's ruling, which was denied by a three judge panel on April 18, 2000. Dkt. #14, Ex. 4 at App. B. Petitioner then sought discretionary review by the Washington State Supreme Court ("Supreme Court"), which denied review on October 11, 2000. *Id.*, Ex. 5. Petitioner's subsequent petition to the United States Supreme Court for writ of certiorari was denied on March 19, 2001. *Id.*, Ex. 6.

On or about May 15, 2002, Petitioner filed a motion to vacate judgment in King County Superior Court. Dkt. #14, Ex. 7 at 7, King County Superior Court Case Search: Docket Details, Case No. 98-1-02511-3. Thereafter, he appealed the trial court's dismissal of his motion to vacate to the Court of Appeals. On December 29, 2003, the Court of Appeals affirmed the trial court's ruling in an unpublished opinion, finding that petitioner's motion to vacate judgment was untimely because it was made more than one year after the judgment against him became final. Dkt. 14, Ex. 8. Petitioner sought discretionary review in the Supreme Court, which denied review on September 8, 2004. *Id.*, Ex. 10.

REPORT AND RECOMMENDATION - 2

B. <u>Personal Restraint Petitions</u>

On June 13, 2002, Petitioner filed a personal restraint petition ("PRP"), Case Number 499611, in the Court of Appeals. Dkt. #14, Ex. 11 at 1. Following the Court of Appeals' denial of review, Petitioner filed a motion for discretionary review by the Supreme Court on December 30, 2004. Ex. 11 at 3. On January 27, 2005, the Court Commissioner denied the motion for discretionary review. Ex. 11 at 2. Petitioner's subsequent motion to modify the Commissioner's ruling was denied by the Supreme Court on March 29, 2005. *Id.*

On May 5, 2005, Petitioner filed a petition for writ of habeas corpus in King County Superior Court, which was transferred to the Court of Appeals as a PRP. Dkt. #14, Ex. 12 and Ex. 13 at n.1. The Court of Appeals dismissed the PRP on June 21, 2005, finding it barred as an untimely and successive collateral attack. Dkt. #14, Ex. 13. Petitioner's motion for discretionary review in the State Supreme Court was denied by the Court Commissioner on August 3, 2005. *Id.*, Ex. 15. On October 5, 2005, the Supreme Court denied Petitioner's motion to modify the Commissioner's Ruling, without comment. *Id.*, Ex. 17.

On November 16, 2005, Petitioner filed a second petition for writ of habeas corpus in King County Superior Court, which was transferred to the Court of Appeals as a PRP. Dkt. #14, Ex. 18. On December 8, 2005, the Court of Appeals dismissed the PRP, finding it barred as a successive collateral attack. *Id.* at Ex. 19. The Court of Appeals issued a Certificate of Finality on December 8, 2005. *Id.* at Ex. 20.

Petitioner filed the current federal habeas petition, at the earliest, on March 6, 2006.[1] (Dkt. #4). Respondent filed an answer, along with relevant portions of the state court record.

---

[1] Federal and state habeas petitions are deemed filed when the pro se petitioner prisoner delivers them to prison authorities for forwarding to the Clerk of the Court. <u>See Saffold v. Newland</u>, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, 122 S. Ct. 2134 (2002).

REPORT AND RECOMMENDATION - 3

III.  DISCUSSION

Respondent argues that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d) and, therefore, should be dismissed with prejudice as time-barred. The undersigned agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ( the "AEDPA") imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1). Specifically, section 2244(d)(1)(A) provides that the one-year limitations period "shall run from the latest of – (A) the date on which the judgment became final by conclusion of direct review or by the expiration of time for seeking such review. AEDPA further provides that the one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

Thus, under the statute, a judgment becomes "final" in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by expiration of the time to seek such review, again from the highest court from which such direct review can be sought. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001); *cf. Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of direct review includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.").

In the present case, the United States Supreme Court denied Petitioner's petition for writ of certiorari on March 19, 2001. Consequently, AEDPA's one-year statute of limitations began running from that date. Counting forward one year, Petitioner had until March 18, 2002, in which to file his federal habeas petition, unless the limitations period was statutorily or equitably tolled.

Petitioner filed his present federal habeas petition on March 6, 2006, nearly four years

REPORT AND RECOMMENDATION - 4

after the one-year limitations period had run. Thus, his federal petition is timely only if his collateral proceedings in state court tolled the one-year limitations period. Here, however, Petitioner's first collateral action -- his motion to vacate the judgment -- was filed in King County Superior Court on May 15, 2002, two months after AEDPA's one-year limitations period had run. Likewise, all three of Petitioner's personal restraint petitions, the first of which was filed in June, 2002, were filed well outside the one-year limitations period that ended on March 18, 2002.

The federal habeas corpus statute of limitations is also subject to equitable tolling. Calderon v. United States Dist. Ct. (Beeler), 128 F.3D 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by* Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc). However, the Ninth Circuit has made clear that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Calderon, 128 F.3d at 1288 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997)). The Ninth Circuit further explained in Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), that "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." In the present case, Petitioner makes no showing that he is entitled to equitable tolling with respect to his challenge to his state court conviction.

Because petitioner filed his federal habeas petition outside the statute of limitations period, and because petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitations, his petition should be dismissed as time barred.

//

//

## IV. CONCLUSION

For the reasons set forth above, I recommend that the Petitioner's federal habeas petition

REPORT AND RECOMMENDATION - 5

(Dkt. #4) and Petitioner's motion for stay and abeyance (Dkt. #5) be DENIED, and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of June, 2006.

/s/ M. Benton

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6